**Dated: July 2, 2014**

**The following is ORDERED:**



_____
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:                                          CASE NO. 14-80384– TRC
ELIAS NEFFIE QUINTANA              CHAPTER 11
Aka ELIAS QUINTANA
Dba FORT GIBSON INVESTMENTS
                 Debtor.

ORDER DENYING AMENDED MOTION FOR EXECUTION OF STAY

       Before the Court is Debtor's Amended Motion for Emergency Hearing and Execution of Stay (Docket Entry 40), with Objection of Arvel G. Hammack and Joyce V. Hammack, Trustees of the Arvel G. Hammack Revocable Trust (Docket Entry 54). Previously, this Court denied Debtor's request for an emergency hearing on this matter (Order of May 27, 2014, Docket Entry 44).

       Debtor seeks an order from this Court finding that the actions of the state court in a foreclosure action are void, and imposing a stay in a state foreclosure action involving real estate in Muskogee County, Oklahoma. Debtor claims that he is the owner of the real estate that was foreclosed and sold at a sheriff's sale ("foreclosed real estate"), and that the sale was confirmed

after he filed this bankruptcy, in violation of the automatic stay. Debtor's claim of ownership in the foreclosed real estate is based upon several theories. The first is that the mortgagor of the foreclosed real estate and defendant in the state court foreclosure action - Fort Gibson Investments, LLC – was "defective at its inception and therefore void as originally filed since it was filed as a domestic LLC not as a foreign LLC." Mot. 1. Presumably, Debtor claims some ownership interest in this "defective" LLC whereby he succeeded to the interests of Fort Gibson Investments, LLC by operation of law. A second theory is that Fort Gibson Investments, LLC was dissolved in March of 2014, and he – by virtue of having some ownership interest in this LLC- succeeded to its interests in the foreclosed real estate by the act of dissolution.[1] Next, Debtor claims that Fort Gibson Investments, LLC transferred ownership of the foreclosed real estate to Quintana Investments, a sole proprietorship owned by Debtor. Debtor did not specify when this transfer was made, nor provide any evidence of a transfer of title. Finally, Debtor argues that the state court proceedings, particularly the Order Confirming Sheriff's Sale, violated his rights of due process and equal protection.

The Hammacks specially appear to object to any intervention by this Court in the state court foreclosure action. The Hammacks are the petitioners in the state court action, and sought to foreclose on the June 30, 2004 mortgage given them by Fort Gibson Investments, LLC on the subject real estate. They filed their foreclosure action in June of 2011, and recorded a lis pendens notice in the land records of Muskogee County on June 6, 2011. Eventually, the Hammacks were awarded a judgment of foreclosure and the real estate was sold at a sheriff's sale in February of 2014. The foreclosure action was stayed for a short time when Fort Gibson Investments, LLC filed a Chapter 11 bankruptcy case in this Court on March 10, 2014, Case No.

---

[1] Debtor signed the Articles of Dissolution for Fort Gibson Investments, LLC on March 17, 2014, identifying himself as the Directing Manager of the dissolved LLC. Mot. Ex. 3.

14-80212.[2]  That bankruptcy was dismissed on April 10, 2014.  On April 30, 2014, the state court entered an Order Confirming Sheriff's Sale.  The Hammacks argue that Debtor is not the owner of the assets of Fort Gibson Investments, LLC, thus, this Court has no jurisdiction to stay the actions of the state court.  They also argue that the state court Order Confirming Sheriff's Sale is a final order from which no appeal was taken.  According to the Hammacks, no challenge regarding the validity of the mortgage or joinder of proper parties was ever made in the state court action.

In seeking an order from this Court to correct alleged injustices and errors practiced upon him by the state court, Debtor is attempting to appeal the decision of the state court.  There are several reasons why this Court cannot provide the relief Debtor seeks.  First, this Court has no jurisdiction to review the judicial proceedings of the Oklahoma state court.  The *Rooker-Feldman* doctrine prevents this Court from acting as an appellate court to review a final, state court judgment or claims inextricably intertwined with them.  *Exon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280 (2005); *Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006) (citations omitted).  Here, the Order Confirming Sheriff's Sale was entered April 30, 2014.  Debtor filed this case as an individual on April 15, 2014, and filed this Motion seeking review of and relief from the state court order on May 21, 2014.  Although this may have been before the time expired to file an appeal under Oklahoma law, he obtained no stay of the state court proceeding nor did he file an appeal in Oklahoma courts.  Thus, it appears the Order Confirming Sheriff's Sale is a final order.  Even if the Order was not final at the time he filed this Motion, it became final while awaiting a hearing on this Motion in bankruptcy court, and Debtor allowed the appeal time to expire.  *See Jensen v. Utah Court of Appeals*, 2012 WL 3544836 *3 (D. Utah).

---

[2] Debtor filed this case on behalf of Fort Gibson Investments, LLC, and listed as other names Elias Quintana and Quintana Investments.  He identified himself as President of Fort Gibson Investments, LLC.

Additionally, the requested relief from this Court of enjoining and declaring the orders of the state court null and void as a violation of the automatic stay in bankruptcy rests on Debtor's argument that the state court order is based upon improper findings regarding the ownership of the foreclosed real estate. This relief is inextricably intertwined with the state court judgment; thus, this Court cannot grant such relief. The state court order and judgment Debtor complains of caused the injury from which he seeks redress in this Court. *See Bear* at 642. The state court order confirmed the sheriff's sale of the foreclosed real estate and money judgment and directs that the Defendant therein – Fort Gibson Investments, LLC – transfer possession of the real estate to the buyer. Debtor asks this Court to void that order and find that he is the actual owner of the foreclosed real estate, not Fort Gibson Investments, LLC. In so doing, Debtor hopes to nullify the effect of the state court action and prevent the transfer of the foreclosed real estate as a violation of the automatic stay.

Even in the absence of the *Rooker-Feldman* doctrine, the subject of the state court action is a mortgage given by Fort Gibson Investments, LLC. That entity is not a debtor in this Court, and this Court has no jurisdiction over its property. Debtor has alleged he personally owns the foreclosed real estate, but other than the Articles of Dissolution of Fort Gibson Investments, LLC, he has provided no evidence of that. Regardless of any infirmities that Debtor believes exist in the formation or existence of the LLC, the proper proceeding to raise those issues was in the state court. The purported dissolution of the LLC by Debtor did not occur until March of 2014, long after the lis pendens notice was filed by the Hammacks and after the sheriff's sale of the property. The dissolution occurred after Debtor was informed by this Court in the bankruptcy case of Fort Gibson Investments, LLC, that a corporation cannot proceed pro se but must have counsel. After that notice, Debtor, as President of Fort Gibson Investments, LLC,

informed this Court that Fort Gibson Investments, LLC was no longer a corporation as it had been dissolved, and sought leave of this Court to file an amended bankruptcy petition, and proceed pro se.[3]  He filed amended schedules and verified them as both an individual and as the President of Fort Gibson Investments, LLC.[4]  He did not pay the filing fee so the bankruptcy of Fort Gibson Investments, LLC was dismissed.  The state court case against Fort Gibson Investments, LLC then proceeded to conclusion.  Upon filing this case as an individual debtor and avoiding the requirement that he appear by counsel, he used the same documents he filed in the LLC bankruptcy, wrote in his name above the previous debtor's name and added "dba."  Thus, he claimed ownership of the same assets he had previously represented to this Court as being owned by Fort Gibson Investments, LLC.  He admitted that he or Fort Gibson Investments, LLC owed money to the Hammacks, but he disagrees with the amount.

It is clear to this Court that Debtor is attempting to manipulate this Court and the state court to avoid losing the foreclosed real estate.  This Court cannot assist him.

IT IS THEREFORE ORDERED that Debtor's Amended Motion for Emergency Hearing and Execution of Stay (Docket Entry 40) is **denied**.

###

---

[3] Case No. 14-80212-TRC, Mot. Extension of Time and Amend, Docket 25, March 19, 2014. The Articles of Dissolution, dated March 17, 2014, were attached as Exhibit A.

[4] Case No. 14-80212-TRC, Amended Statement Fin. Affairs, Docket 44, March 31, 2014.