**Dated: March 27, 2015**

**The following is ORDERED:**



*[signature]*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:   CASE NO. 14-80384– TRC
ELIAS NEFFIE QUINTANA   CHAPTER 13
Aka ELIAS QUINTANA
Dba FORT GIBSON INVESTMENTS
      Debtor.

ORDER DENYING MOTION TO VACATE ORDER OF DISMISSAL

Before the Court is Debtor's Motion to Vacate Order of Dismissal (Docket Entry 205) and Objection by Standing Chapter 13 Trustee (Docket Entry 208). The Court held a hearing on this matter on March 12, 2015, at which time it heard arguments from Debtor and from the Trustee. Upon review of those arguments as well as the history of this case, this Court finds that Debtor's Motion to Vacate should be denied.

This Court dismissed this case *sua sponte* on January 22, 2015 (Docket Entry 184) for failure to file a Chapter 13 Plan in compliance with Fed. R. Bankr. P. 3015 and Local Rule 3015-1(A). This is the fourth bankruptcy case filed by Quintana or a related entity since 2009. He first filed a *pro se* small business Chapter 11 case on behalf of TransNational Bus and Coach, L.L.C. on October 13, 2009, Case No. 09-81761. He signed the bankruptcy petition as President

of TransNational, and listed the address as 1705 E. Highway 62, Ft. Gibson, Oklahoma. Upon notice of this Court's rule and Tenth Circuit case law that a corporation may only appear by an attorney, Quintana filed a motion to convert to a chapter 7 and add himself as an individual debtor, doing business as TransNational Bus and Coach. He signed the motion as attorney for the debtor. The case was converted to chapter 7 but this Court denied his request to be added as a debtor.[1] After a creditor moved to lift the stay, Quintana filed a motion to convert to chapter 13 and, again, asked this Court to "modify" the debtor to be Elias Quintana dba TransNational Bus, Truck and Coach.[2] He informed the Court that on November 20, 2009, he had dissolved the L.L.C. for "financial hardship" and so that he could better represent his business in bankruptcy.[3] TransNational obtained counsel who moved to dismiss the case on the grounds that TransNational was controlled by Quintana, and Quintana needed to file as an individual. This Court granted that motion and dismissed the case on January 25, 2010.[4]

On February 16, 2010, Quintana filed a chapter 13 case with the required plan, Case No. 10-80166, in which he was represented by counsel. He listed the same address as listed in the TransNational case. The Standing Chapter 13 Trustee filed a motion to convert to chapter 7 due to Quintana's failure to turnover requested documents regarding listed ownership interests in TransNational and in Ft. Gibson Investments, L.L.C. The case was not converted but the Trustee eventually filed a motion to dismiss for failure to make plan payments, and failure to file income tax returns for at least 5 years, among other things. No plan was ever confirmed. Seven and one-half months later, on September 28, 2010, Quintana and his counsel entered into an agreed

---

[1] Case No. 09-80761, Docket Entries 38 and 39.

[2] Case No. 09-80761, Docket Entries 67 and 75.

[3] Case No. 09-80761, Docket Entry 75, Exhibit A.

[4] Case No. 09-80761, Docket Entries 98 and 104.

order of dismissal of that case.[5]  Due to the many problems encountered in that case, Quintana agreed not to file another bankruptcy case under any chapter for 365 days, and agreed that he would not file another case as a *pro se* debtor.

On March 10, 2014, Quintana filed a *pro se* small business chapter 11 case on behalf of Fort Gibson Investments, L.L.C., Case No. 14-80212, listing the same address as the previous two cases.  He signed the petition as President, sole owner, and managing director.[6]  In the Statement of Financial Affairs, he listed a pending confirmation hearing in a state court foreclosure action.  He also listed an ownership interest from 1995 to 2004 in TransNational Bus.[7]  As in the chapter 11 case for TransNational, the Court once again reminded Quintana that a corporation could only appear through counsel.  It also denied the request to pay the filing fee in installments.  Quintana filed a motion to change Fort Gibson Investments from an L.L.C. to a sole proprietorship, alleging that its Articles of Organization had been improperly filed in New Mexico and that it had been dissolved effective March 17, 2014.[8]  Quintana also filed a motion to stay confirmation of the sheriff's sale in the pending state court foreclosure action.[9]  This Court held a hearing and inquired whether Fort Gibson Investments had obtained an attorney.  Quintana stated that it had not.  He also failed to pay the filing fee as required, so the case was dismissed on April 9, 2014.[10]

---

[5] Case No. 10-80166, Docket Entry 74.

[6] He also listed as a debtor Transnational Bus L.L.C. but he marked through that name.

[7] Case No. 14-80212, Docket Entries 31 and 44.

[8] Case No. 14-80212, Docket Entry 25, Exhibit A.

[9] Case No. 14-80212, Docket Entry 42.

[10] Case No. 14-80212, Docket Entry 50

The current case was filed April 15, 2014, *pro se*, as another small business chapter 11 case.[11] Quintana filed several motions asking this Court to order the state court to stop the pending foreclosure case and restore title to the foreclosed real estate in his name. The Court informed him on numerous occasions that it had no jurisdiction to hear his appeal of a final order from the state court. After numerous motions, hearings and re-hearings, and a motion to dismiss by the United States Trustee, Quintana filed a motion to convert to chapter 13. In support, Quintana stated that he would be better able to afford counsel to represent him in a chapter 13 case. The United States Trustee agreed to withdraw its motion to dismiss to allow him to proceed in chapter 13. The conversion order was entered January 6, 2015.[12] It stated:

> The debtor, within 14 days shall file: …(e) a Chapter 13 Plan and Summary. If an extension is not granted by Court order, prior to the original due date of the Chapter 13 Plan and Summary, the Court will enter an ORDER DISMISSING your case without further notice or hearing.

As a courtesy to Quintana, on January 6, 2015, the Court Clerk's office mailed him a copy of the conversion order with the notice that a plan must be filed.[13] This order was also mailed to Quintana by the Bankruptcy Noticing Center on January 8, 2015.[14] No plan was filed nor did Quintana seek an extension of time to file a plan within fourteen days, so, in accordance with the conversion order, this case was dismissed on January 22, 2015.[15] Quintana filed a document titled "Chapter 13 Plan" on January 27, 2015, which was not on the proper standard form as

---

[11] Quintana used the same schedules as in Case No. 14-80212 but handwrote "Elias Quintana, d/b/a" in front of the typed name of Fort Gibson Investments.

[12] Docket Entry 157.

[13] Docket Entry 158.

[14] Docket Entry 173.

[15] Docket Entry 184.

required by Local Rule 3015-1.[16] This document was mooted due to the previously entered order of dismissal.[17]

Quintana seeks to vacate that order of dismissal on the grounds that he did not receive notice of the conversion order and have sufficient time to file a plan. He stated that, due to illness, he did not have an opportunity to go to the post office to get his mail until January 20, 2015, that the courtesy copy from the Court Clerk's office had insufficient postage, and that dismissal is a violation of his constitutional rights of due process and equal protection because debtors with counsel receive electronic notice and *pro se* debtors do not. The Trustee objects to the motion based upon Quintana's history of failing to comply with a debtor's duties, including making plan payments, filing tax returns, and responding to the Trustee's request for financial documents. Instead, Quintana offers a litany of excuses as to why he cannot comply with the Bankruptcy Code and the orders of this Court.

This Court may dismiss a case for failure to timely file a plan, pursuant to 11 U.S.C. §1307(c)(3). Fed. R. Bankr. P. 3015(b) and Local Rule 3015-1 provide that a chapter 13 plan shall be filed within fourteen days of the conversion order. An extension of this deadline may only be granted for cause. The Court has recounted the lengthy history of his cases and contact with this Court. Quintana should be well aware of the requirements for being a debtor. He has been in a chapter 13 case before and knows that a plan is required. He admits that he received notice of the conversion order with instructions to file a plan on January 20, 2015. He could have contacted the Court Clerk's office and the Trustee that day and asked for an extension of time to file a plan. He did not. He states that he did not receive the notice from the BNC but the Court does not believe him. To persuade this Court and the United States Attorney to allow him

---

[16] Docket Entry 200.

[17] Docket Entry 203.

to convert his case to a chapter 13, he represented that he would retain counsel. He did not. He has represented that he is trained as an attorney but no longer practices; thus, he is familiar with statutes and court procedures. This Court held a hearing and gave him an opportunity to provide a legitimate reason as to why he did not timely file a plan, but he offered none. Instead, he asked that the Court consider the charitable work he performs.

The Court is sympathetic regarding health issues faced by this debtor, but he is not impaired or disabled within the meaning of the Bankruptcy Code. His charitable and philanthropic work is commendable; however, it does not exempt him from his duties as a debtor. This Court, the United States Trustee, and the Standing Chapter 13 Trustee have afforded Quintana multiple opportunities to successfully proceed through bankruptcy and receive the benefits afforded by the Bankruptcy Code. Unfortunately, he has failed to understand that to receive the benefits of bankruptcy, there are certain duties that he must fulfill.[18] He has used the Code to delay his creditors for several years. The history of his cases reflects a pattern of abuse, delay, and disregard for the requirements and authority of this Court.

In accordance with the oft-stated plea of this Debtor, the Court finds that in the interest of justice, fair play and the U.S. Bankruptcy Code, the Motion to Vacate the Order of Dismissal is **denied.**

Debtor is prohibited from filing a petition for relief under chapter 11, 12 or 13 of the Bankruptcy Code as an individual or on behalf of any related business entity for a period of 180 days.

IT IS SO ORDERED.

###

Movant to notify interested parties of this Order.

---

[18] *See e.g.,* 11 U.S.C. §§ 521, 1304, 1321, 1326; Fed. R. Bankr. P. 1007, 1007-I.